UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number 00-20065
v.                                            Honorable David M. Lawson

BRENT CRITTENDON,

        Defendant.
_____/

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

    Defendant Brent Crittendon has filed a motion under 28 U.S.C. § 2255 to vacate his sentence. Crittendon was convicted on his guilty plea of conspiracy to distribute fifty grams or more of cocaine base on April 16, 2001. On September 20, 2001, he was sentenced to 264 months in custody. On January 14, 2003, the Court granted the government's motion to reduce the sentence and imposed a new sentence of 240 months in custody to be followed by five years of supervised release. The defendant filed the present motion on January 11, 2006 alleging that he should be resentenced under the advisory guideline regime ordained in *United States v. Booker*, 543 U.S. 220 (2005).

    Section 2255, ¶ 6, establishes "[a] 1-year period of limitation [that] appl[ies] to a motion under this section." Crittendon argues that his motion is timely because *Booker* was decided on January 12, 2005, and his motion was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255, ¶ 6(3). The Court agrees. The Supreme Court has held that when a new right is established, regardless of when that right has been deemed retroactive with respect to cases on collateral review, applicants have one year following

the date of the Supreme Court's decision to file motions under section 2255. *Dodd v. United States*, __ U.S. __, 125 S. Ct. 2478 (2005). Crittendon's motion, therefore, is deemed to be timely.

However, the Supreme Court has not given retroactive effect to its pronouncements in *United v. Booker*. In fact, the Sixth Circuit has held that "*Booker's* rule does not apply retroactively in collateral proceedings." *Humphress v. United States,* 398 F.3d 855, 860 (6th Cir. 2005).

Crittendon contends that *Humphress* is not correct and should not be followed, primarily because the court of appeals failed to properly account for the rule in *Hicks v. Oklahoma*, 447 U.S. 343 (1980), in determining whether the *Booker* rule was procedural or substantive. This Court expresses no view on that point. It is sufficient to note, however, that district courts are bound by the pronouncements of the court of appeals and must apply the law of the circuit as set forth in its published decisions.

When a motion is filed under section 2255, the sentencing judge must "promptly examine it" and deny it "[i]f it plainly appears from the motion . . . that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Because the issues raised by the defendant in his motion are governed entirely by *Humphress v. United States*, the Court determines that the defendant may not claim the benefit of *Booker's* pronouncement, and therefore it plainly appears that he is not entitled to relief.

Accordingly, it is **ORDERED** that the defendant's motion to vacate, set aside, or correct his sentence [dkt #107] is **DENIED**.

Dated: January 20, 2006           s/David M. Lawson
                                  DAVID M. LAWSON
                                  United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 20, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS