UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case Number 00-20065
                                    Honorable David M. Lawson

v.

BRENT CRITTENDON,

        Defendant.
_____/

## **ORDER GRANTING A CERTIFICATE OF APPEALABILITY**

This Court has denied Brent Crittendon's motion to vacate sentence, which was brought pursuant to 28 U.S.C. § 2255. He has now filed a request for a certificate of appealability.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, a defendant "must show that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The defendant's motion to vacate sentence was denied based on the holding in *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), which held that *United States v. Booker*, 543 U.S. 220 (2005), deals with procedural rights and therefore does not apply retroactively in collateral proceedings. The defendant argued that *Humphress* was wrongly decided. The defendant stated

*Humphress* failed to properly account for the rule in *Hicks v. Oklahoma*, 447 U.S. 343 (1980). The defendant argues that, under *Hicks*, a defendant's substantive right is violated when the sentencer acts on the mistaken assumption that a particular sentencing range is mandatory.

The Court concluded that it was bound to follow *Humphress* because it is settled law in this circuit. However, the Court agrees that the resolution of this issue is debatable. The Court concludes that the petitioner has satisfied the standard for issuance of a certificate of appealability.

Accordingly, it is **ORDERED** that the motion for a certificate of appealability [dkt # 110] is **GRANTED** with respect to the petitioner's claims (1) that *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005), was wrongly decided in light of *Hicks v. Oklahoma*, 447 U.S. 343 (1980).

                                            s/David M. Lawson
                                            DAVID M. LAWSON
                                            United States District Judge

Dated: February 23, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2006.

                              s/Tracy A. Jacobs
                              TRACY A. JACOBS